In re Francisco González, Jr., Petitioner.

No. 46. Argued March 9, 1942.—Decided March 10, 1942.

Francisco González, Jr., in pro per, Francisco González Fagundo, and José G. González for petitioner. George A. Malcolm, Attorney General, and R. A. Gómez, Prosecuting Attorney, for the Department of Justice.

Mr. Justice Todd, Jr., delivered the opinion of the court.

On January 12, 1939, this court decreed the removal of Francisco González, Jr., as a practicing attorney and notary public, without the holding of a trial or the hearing of evidence, inasmuch as the respondent had admitted all the charges brought against him by the prosecuting attorney of this court. On several subsequent occasions he sought his reinstatement but his petitions were denied.

On the 25th of last February, a new petition for reinstatement was filed, accompanied by a certificate signed by the Judges and District Attorneys of the District Court of Humacao, such district being the one where González resides and where he formerly practiced his profession, in which petition those officers set forth the following:

"That ever since the time of his suspension the aforesaid Francisco González Carmona has lived in Humacao with his family and has always been in personal and constant contact with the undersigned officers, and that by reason thereof we have been able to witness his irrevocable determination to fully amend the conduct that led to his disbarment, he having maintained ever since a correct. behavior as a citizen, and we, therefore, consider that he is entitled and deserves to be reinstated in the practice of his profession as an attorney and notary public."

Following the precedents established by the cases of *In re Torregrosa*, 34 P.R.R. 302, and *In re Figueroa Maestre*, 38 P.R.R. 858, the 9th of March was fixed to hear in open

court the petitioner, his counsel, and any other persons who might desire to make statements. It was likewise ordered that notice of the hearing be served on the Attorney General and the Puerto Rican Bar to enable them to appear and make any report that they might deem proper.

Accordingly, there appeared at said hearing the petitioner represented by his attorneys, Francisco González Fagundo, Esq., and José G. González, Esq., the Attorney General, through Ricardo A. Gómez, Esq., prosecuting attorney of this court, and the Bar Association of Puerto Rico, represented by its President, Attorney Benicio Sánchez Castaño who, moreover, filed a document in the name of the Bar, in which it is said:

"That the Governing Board of the Puerto Rican Bar resolved not to oppose the respondent's petition for reinstatement in the practise of his profession as an attorney, on the following grounds:

"(a) The time elapsed from the disbarment of the respondent.

"(b) The moral certainty entertained by the members of said Governing Board that the sufferings and anxiety experienced by the petitioner by reason of his disbarment have fully attained the ends of the justifiable sanction imposed or him by this Hon. Supreme Court by reason of the fault committed by him, and, therefore, that the future behavior of said petitioner will always be inspired by the most upright concept of his professional duty.

"(c) That the precedents established by this very Supreme Court which always, where all the circumstances have justified it, has exercised its discretionary power humanely to accord a fresh start in life to one who at an unfortunate moment failed to fully discharge the obligations contracted by him when taking the oath for the practice of law."

In testifying on behalf of the petitioner, the President of the Bar Association, after ratifying the above considerations, expressed his opinion that the ends of justice had been fully attained by the punishment imposed on the petitioner during the time of his disbarment, and recommended the granting of the petition.

There also appeared and testified Attorneys Walter L. Newsom, Acting U. S. District Attorney, Luis Janer and Luis F. Camacho, District Judge and District Attorney, respectively, of Humacao, José López Baralt, and Ramón Díaz Collazo who asserted that, from their information of the life and conduct of the petitioner, they are convinced that he has sincerely repented of the serious fault committed by him which brought about his disbarment, and that he will faithfully discharge his duties as an attorney if he is again admitted to practice, thus showing full confidence in his future conduct.

Mr. Salvador L. Rocafort, merchant and resident of Humacao, also testified to the effect that, from his knowledge of petitioners' conduct, he would not hesitate to confide any matters to him in the event that he were readmitted to the practice of his profession.

The prosecuting attorney of this court, on behalf of the Attorney General, reported fully in connection with the facts alleged in the petition and the statements of the witnesses, and stated that after considering the situation as a whole he would recommend that the application of the petitioner be granted.

From all the evidence submitted there fully appeared the conviction and faith of the officers, attorneys, and other persons who testified under oath in favor of the petitioner, in his moral regeneration. The Bar Association, represented by its Governing Board, likewise ratified said confidence when adopting the resolution above transcribed. No evidence whatever in opposition was presented.

In the cases of *In re Torregrosa* and *In re Figueroa Maestre, supra,* we held that the question to be considered in a petition for the reinstatement of a disbarred attorney is not whether the petitioner has been sufficiently punished, but whether he enjoys at the time of his application such reputation as to justify his readmission to the practice of law.

In other words, what matters is the present moral integrity of the petitioner. The evidence introduced and not controverted clearly establishes, as far as it is humanly possible to do so, that the petitioner has complied with all the requisites which in similar cases have been demanded by us. It is incumbent upon him to show in the future by his actions that we have made no mistake in giving credit to the testimonials offered in his behalf and in granting to him, as we do, the high privilege of again practicing his profession as an attorney at law and notary and of wearing worthily the honor-giving gown.

The petition is granted.

Mr. Justice Snyder did not participate herein.